Manuel Espina Rivera, Plaintiff and Appellee, v. Narciso Cobián Rivera, Defendant and Appellant.

No. 7506. Argued April 19, 1937.—Decided April 26, 1937.

F. de la Torre for appellant. R. Ramírez Santibáñez and C. Andréu Ribas for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The complaint filed in this case had for its object the collection of a mortgage debt by the ordinary proceeding. Defendant filed a demurrer to the complaint on the ground of insufficiency. The lower court sustained the demurrer and granted to the plaintiff a period of ten days to amend his complaint. Several days afterward plaintiff filed a motion to be permitted to dismiss the action brought, without prejudice to his right to bring a new action of debt. On February 23, 1937, the District Court of Bayamón rendered a judgment sustaining the motion to dismiss and taxed the plaintiff with costs. On March 5, 1937, the defendant filed a memorandum of costs, amounting to $6 with the following prayer:

"The defendant prays the Honorable Court to order that plaintiff pay said costs."

On March 11, 1937, plaintiff deposited with the clerk of the lower court the amount of the costs requested by defendant, and the latter collected the same on the 27th of the same month.

On the same day on which defendant filed his memorandum of costs, he appealed to this court from the judgment dismissing the action, and claimed that the lower court erred in failing to adjudge the plaintiff to pay attorney's fees.

The plaintiff-appellee has requested the dismissal of the appeal on the ground that it is frivolous, and that it has been taken for the sole purpose of hindering and delaying him in the exercise of his action of debt.

██ Section 327 of the Code of Civil Procedure, as amended by Act No. 69 of May 11, 1936 (Session Laws, p. 352), in its pertinent part provides:

"In case any party shall have acted rashly, the court shall include in its judgment the payment of the fees of the attorney for the other party, stating in its judgment the amount of said fees, taking into account the degree of guilt in the litigation, and the work necessarily done by the attorney for the other party."

As the lower court did not adjudge plaintiff to pay attorney's fees, we must presume that it did not do so because it considered that plaintiff had not acted with obstinacy.

We have carefully examined the record and in our judgment the obstinacy charged against plaintiff does not appear therefrom. The fact that he abandoned the action upon the mortgage in order to bring an ordinary action of debt, is not in itself sufficient to regard the plaintiff as having acted with obstinacy or to justify the imposition of attorney's fees.

We hold that the appeal is clearly frivolous and as such must be dismissed, and appellant must be taxed with costs, the same to include the sum of $10 as attorney's fees of appellee.